# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUDITH BROWN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-03332-HEA |
| | ) | |
| TITLEMAX OF MISSOURI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SURREPLY IN OPPOSITION TO MOTION TO REMAND

Defendant TitleMax of Missouri, Inc. ("TitleMax") submits this surreply in further opposition to Plaintiffs' motion to remand. Plaintiffs make new arguments and cite numerous new authorities (many from outside the Eighth Circuit) in their reply. Plaintiffs' ever-evolving efforts to evade this Court's jurisdiction, however, are of no avail. To the contrary, Plaintiffs' opposition is predicated on misrepresentations of their own allegations, and applies a framework that departs from well-established standards for resolving removal issues. Simply stated, Plaintiffs attempt to both "defeat removal and still allow the eventual recovery of damages in excess of $75,000." *Hollenbeck v. Outboard Marine Corp.*, 201 F.Supp.2d 990, 993 (E.D. Mo. 2001). This is impermissible. The Court should consider this surreply, reject Plaintiffs' unfounded new arguments, and deny the motion to remand.[1]

---

[1] Given the narrow purpose of a surreply, TitleMax has restricted this brief to address a limited number of new arguments and authorities offered for the first time by Plaintiffs in their reply. This, of course, should not be understood as any concession of matters not addressed herein. As is no doubt evident from the briefing in this case, TitleMax does not agree with Plaintiffs' positions on remand, and respectfully submits that the Court's jurisdiction—which Plaintiffs failed to ever even challenge when TitleMax removed their cases after they originally filed them—is abundantly established by the record.

**ARGUMENT**

I.  **Plaintiffs' Manipulative $50,000 Jurisdictional Allegation Does Not "Conclusively Decide" the Remand Issue in Plaintiffs' Favor.**

Plaintiffs have filed ten cases with ten plaintiffs in each, and are ostensibly keeping seven-hundred some-odd plaintiffs waiting in the wings. They have filed these lawsuits on two separate occasions based on pleadings that are unconventional, chameleon-like, and, at best, ambiguous. Yet they contend the situation they created is a model of clarity and simplicity, and $50,000 *is* the amount in controversy.

There is no doubt that Plaintiffs' *intentions* are to avoid federal court at all costs. But under governing Eighth Circuit authority, and a raft of cases from this very district, their *intentions* are not decisive. Neither is their post-removal spin of their own allegations, including the argument—first made in their reply—that the $50,000 figure used in their Complaint somehow now *includes* punitive damages and attorneys' fees.[2] What is decisive is the potential value of the monetary relief *actually* sought in the Complaint, and whether a fact finder *might* legally award it. *See, e.g.*, *Pirozzi v. Massage Envy Franchising LLC*, 938 F.3d 981, 984 (8th Cir. 2019); *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012); *Bell v. Hershey Co.*, 557 F.3d 953, 956-57 (8th Cir. 2009); *Nevils v. Cit Bank, N.A.*, No. 17-cv-02338, 2017 WL 4616905, at *2 (E.D. Mo. Oct. 16, 2017); *Mishra v. Coleman Motors, LLC*, No. 16-cv-01553,

---

[2] As is further discussed herein, Plaintiffs' new and narrow interpretation of their amount-in-controversy allegations is not supported by the actual text of their Complaint, which, among other things, separately includes references to fees, damages, and punitive damages; and—even as to "damages,"—suggests that amount alone may be as much as $75,000.  But, even assuming that Plaintiffs' allegations are ambiguous, courts have recognized that a plaintiff "cannot be heard to complain too loudly" where the complaint creates confusion and ambiguity. *Eatinger v. BP Am. Prod. Co.*, No. 08-1003, 2008 WL 4163250, at *2 (D. Kan. Aug. 26, 2008).  And, that the Court should not allow the Plaintiffs' "indecisive and ambiguous language . . . to close the door to the federal courts." *See id.* Doing so would set a poor precedent for pleading practice in general, and removal jurisdiction in particular.

2017 WL 994868, at *4-5 (E.D. Mo. Mar. 15, 2017); *Keithly v. Mocadlo*, No. 16-cv-1892, 2017 WL 513053, at *1-2 (E.D. Mo. Feb. 8, 2017); *Freeman v. MH Equip. Co.*, No. 15-cv-1473, 2015 WL 7075967, at *2-3 (E.D. Mo. Nov. 13, 2015); *Hug v. Am. Traffic Sols., Inc.*, No. 14-cv-00138, 2014 WL 1689303, at *1-4 (E.D. Mo. Apr. 29, 2014); *Behlmann Auto. Servs., Inc., v. Reynolds & Reynolds Co.*, No. 12-cv-0317, 2012 WL 2565027, *1-3 (E.D. Mo. July 2, 2012).[3]

These cases, almost all of which were decided *after* the enactment of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, and in the face of 28 U.S.C. § 1446(c)(2), refute Plaintiffs' arguments based on them. Regardless, the language of 28 U.S.C. § 1446(c)(2) does not alter the outcome here.  Plaintiffs have failed to show that their demand is "in good faith" or that the "State practice" involved would preclude recovery in excess of the $50,000 amount demanded."  *See* 28 U.S.C. § 1446(c)(2). For these reasons, Plaintiffs' reliance on the decisional framework in *Butler v. Target Corp.*, No. 12-4092, 2012 WL 5362974 (D. Kan. Oct. 31, 2012) is misplaced.  Moreover, the plaintiff's state court petition in *Butler* did not seek punitive damages and attorneys' fees.  *Butler*, 2012 WL 5362974, at *1.  *Butler* is inapplicable.

"A removing defendant may satisfy its burden by 'looking at the face of the complaint alone,' because the description of how the controversy exceeds the requisite minimum amount in controversy 'constitutes a pleading requirement, not a demand for proof,'" *Mishra*, 2017 WL 994868, at *4 (quoting *Hartis*, 694 F.3d at 946). Regardless of Plaintiffs' spin, the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), existing 28 U.S.C. §

---

[3] Indeed, had TitleMax ignored the amount-in-controversy allegations in Plaintiffs' Complaint, it would be subject to criticism for failing to remove the lawsuit. *See Wright-Broderick v. Sw. Bell Tel. Co., Inc.*, No. 13-cv-1441, 2013 WL 5954417, at *3 (E.D. Mo. Nov. 7, 2013) (stating that the face of the plaintiff's pleading showing a single demand for at least, or in excess of, $50,000 plus punitive damages and attorneys' fees "should have provided defendants with more than a 'clue' that the amount in controversy was met . . . .").

1446(c)(2), or Plaintiffs' cases from outside the Eighth Circuit, the Court applies *this standard* to decide the removal issue. The face of the Complaint here supplies the answer, just not the one sought by Plaintiffs. It exceeds the jurisdictional amount by seeking, in separate, distinct, and exclusive paragraphs:

- the "*amount of damages* claimed in this action by each plaintiff *is* and will forever be less than $75,000 (emphasis added);
- "*Each plaintiff* seeks $50,000" (emphasis added);
- Recovery for "TitleMax's actions [that] were wanton, outrageous, and/or malicious because of its reckless indifference to or conscious disregard of *each plaintiff's* consumer rights" (emphasis added);
- "Other uncertain and hard-to-quantify actual damages";
- "Wrongfully collected amounts of interest";
- "Harm caused by defamation, slander and libel";
- "*Each plaintiff* is entitled to attorney's fees . . ." (emphasis added);
- "*Each plaintiff* is entitled to punitive damages . . ." (emphasis added); and
- "a judgment for *each plaintiff* against TitleMax for $50,000." (emphasis added).

Pls.' Compl. ¶¶ 12, 13, 28, 32, 45, 46, 47, 59, 66, Prayer for Relief.[4]

The Court should deny Plaintiffs' motion to remand.

---

[4] Plaintiffs make a strawman argument that TitleMax cannot rely on an argument that Plaintiffs' damages should be aggregated to meet the amount-in-controversy requirement. (Pls.' Reply at 2.) But TitleMax has never relied on an aggregation-of-damages theory to support its quantification of the amount in controversy.  Rather, in its Notice of Removal, TitleMax cited to the ten cases, and 100 Plaintiffs, involved to demonstrate only that the dispute at issue is "'sufficiently important to warrant federal-court attention.'" *CMH Homes, Inc. v Goodner*, 729 F.3d 832, 837 (8th Cir. 2013) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 562 (2005)).

4

## II. Plaintiffs Fail to Distinguish the Overwhelming Eighth Circuit Authorities Cited By TitleMax.

Plaintiffs' reply brief claims that all of the overwhelming United States Supreme Court and Eighth Circuit legal authorities TitleMax relies on to support removal are distinguishable. (Pls.' Reply to Support Mot. to Remand, pp. 7-11, ECF No. 13.) But Plaintiffs' efforts to distinguish these cases are unavailing. Those cases, including *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, ___, 135 S.Ct. 547 (2014) and *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017 (8th Cir. 2010), did not turn on the lack of a monetary demand in the plaintiff's operative pleading, as Plaintiffs' reply brief incorrectly suggests.

In fact, in *Dart Cherokee*, the Supreme Court squarely contradicts the argument Plaintiffs make here. The Court stated that "[w]hen *a plaintiff invokes federal court jurisdiction*, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee*, 574 U.S. ___, 135 S.Ct. 547, 553 (emphasis added). But where, as here, the defendant removes and the plaintiff contests the amount in controversy *as identified by the defendant*, the Supreme Court applies 28 U.S.C. § 1446(c)(2)(B). *Id.* at 553. Under that statutory provision, the Supreme Court instructs that "'removal is proper on the basis of an amount in controversy asserted' *by the defendant* 'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)). Therefore, contrary to Plaintiffs' assertion, the Supreme Court directs this Court to look at the amount in controversy *as asserted by TitleMax in its notice of removal. Id.* In doing so, the Court applies the preponderance of the evidence standard. *Id.*

This framework, as described in detail by the Supreme Court in *Dart Cherokee*, is entirely at odds with Plaintiffs' contention that Plaintiffs' state court demand controls the inquiry. Plaintiffs not only fail to distinguish *Dart Cherokee*, but they misconstrue it and

5

misrepresent its holding. Because Plaintiffs are not invoking federal-court jurisdiction, their amount-in-controversy allegations are not controlling under *Dart Cherokee* (though they do supply evidence that the amount-in-controversy standard is amply met here).

The Eighth Circuit's decision in *Usery* likewise cannot be distorted to aid Plaintiffs' cause. If anything, *Usery* confirms that this Court should apply the preponderance-of-the-evidence standard.  *See Usery*, 606 F.3d at 1018. Moreover, the court in *Usery* dismissed the plaintiffs' argument that, as master of their complaint, they could employ the same tactic attempted here to allege an amount below $75,000 to "effectively insulate their case from removal . . . ." *Id.* The court did indeed recognize that there was no sum demanded in doing so. *Id.* But neither this feature of the case, nor the plaintiffs' subjective view of the amount at issue, dictated the outcome. *See id.* at 1018-19.  And the same is true of the other authorities that Plaintiffs simply cannot explain away, including *Carlson v. Sears Roebuck & Co.*, No. 10-cv-1987, 2011 WL 4501119, at *1 (E.D. Mo. Sept. 28, 2011), *Caldwell v. Gen. Motors, LLC*, No. 18-cv-01636, 2018 WL 6696624, at *1 (E.D. Mo. Dec. 20, 2018), and *Harris v. TransAmerica Life Ins. Co.*, No. 14-cv-186, 2014 WL 1316345, at *1 (E.D. Mo. Apr. 2, 2014).[5]

### III. Plaintiffs Fail to Explain Away Their Requests for Punitive Damages and Attorneys' Fees.

Despite what Plaintiffs now say in their effort to avoid removal, their Complaint seeks punitive damages and attorneys' fees in *unspecified amount*s. This is reason enough to reject

---

[5] The Court's memorandum and order in *Harris* is particularly on point. In denying remand, the Court dismissed the plaintiff's prayer for relief in her Missouri state court petition seeking "an amount in excess of [$25,000] and less than [$75,000], compensatory damages, punitive damages, interest, [and] reasonable attorney's fees . . . ." *Harris*, 2014 WL 1316245, at *2 n.1. The Court noted the plaintiff's "ambiguous phrasing" as well as the concern expressed by federal courts in Missouri that "state rules enable plaintiffs to claim $75,000 or less in their petitions, while actually seeking and obtaining damages in excess of that amount." *Id.*

6

their misguided application of 28 U.S.C. § 1446(c)(2) based on their alleged demand for a specific sum. It also makes the applicable question here whether the amount *might* exceed $75,000. *Pirozzi*, 938 F.3d at 984; *Direct Biologics, LLC v. Kimera Labs, Inc.*, No. 18-cv-2039, 2018 WL 7291438, at *1 (E.D. Mo. Dec. 20, 2018).

Although TitleMax could have relied on the allegations in Plaintiffs' Complaint, *see Mishra*, 2017 WL 994868, at *4, it went further and cited to specific Missouri case law on the amount of punitive damages and attorneys' fees at issue.  The most Plaintiffs offer in response is (1) their disingenuous new argument that punitive damages and attorneys' fees are included in their $50,000 of "damages;"[6] and (2) new and superficial calculations of punitive damages and attorneys' fees based on a theoretical compensatory damages value of $10,000. The first argument is divorced from reality—even a cursory review of Plaintiffs' Complaint belies this assertion where Plaintiffs separately assert a right to recovery of punitive damages and attorneys' fees.  Pls.' Compl. ¶¶ 46, 47. The second fares no better.  Although Plaintiffs generally take issue with TitleMax's citations, they offer no case law of their own to place the amounts a fact finder could legally award below the jurisdictional threshold. That failure should alone prove fatal to Plaintiffs' remand effort. *See Pirozzi*, 938 F.3d at 984 (stating that "the case belongs in federal court" unless the plaintiff can demonstrate that it "is *legally impossible* . . . to recover [the

---

[6] To the extent Plaintiffs contend that this latest manipulative pleading tactic is somehow controlling, Missouri law rejects that argument.  *See Hollenbeck*, 201 F. Supp. 2d at 993-94 (recognizing that a plaintiff's prayer for relief is not controlling under Missouri law and stating that a plaintiff "may not defeat removal simply by seeking less than the requisite amount"); *see also Swartz v. Cleveland Worm & Gear Co.*, 85 F. Supp. 29, 30 (E.D. Mo. 1949) (stating that "[u]nder Missouri law, the prayer for relief is not controlling."). In addition to the fact that other allegations in Plaintiffs' Complaint contradict the assertion, Plaintiffs' argument ignores entirely that they could defeat removal and then subsequently seek to amend their petition to seek an amount in excess of $75,000.  *See Hollenbeck*, 201 F. Supp. 2d at 994.

7

amount the defendant has put in controversy]" (quoting *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013)).

**IV.    Plaintiffs' Failure to Offer a Stipulation on Damages Contradicts Their Arguments.**

Plaintiffs never offered a binding stipulation before the case was removed, although they could have done so to cap the amount in controversy. *Hargis v. Access Capital Funding*, LLC, 674 F.3d 783, 789 (8th Cir. 2012). And, tellingly, they do not even attempt to argue that their existing Complaint and its allegations are binding on them in this litigation. As this Court has remarked in a prior case where no meaningful, binding cap was offered, plaintiffs' arguments seeking remand are inherently "dubious" under these circumstances. *Keithly*, 2017 WL 513053, at *2 (quoting *Schmidt v. Flesch*, No. 05-cv-1498, 2006 WL 1026952, at *2 (E.D. Mo. Apr. 13, 2006)). The unavoidable conclusion from the record is that Plaintiffs have—by design—purposely left open the possibility that a finder of fact *might* legally award them each more than $75,000 on their claims. As such, as a matter of longstanding and well-established law in this Court and this Circuit, their motion for remand must be denied. *See, e.g.*, *Pirozzi*, 938 F.3d at 984; *Hartis*, 694 F.3d at 944; *Bell*, 557 F.3d at 956-57; *Nevils*, No., 2017 WL 4616905, at *2; *Mishra*, No., 2017 WL 994868, at *4-5; *Keithly*, 2017 WL 513053, at *1-2; *Freeman*, 2015 WL 7075967, at *2-3; *Hug*, 2014 WL 1689303, at *1-4; *Behlmann Auto. Servs., Inc.*, 2012 WL 2565027, *1-3.

## CONCLUSION

Plaintiffs' Complaint puts the amount at issue in excess of the jurisdictional minimum, and a fact finder could legally award such an amount. That is all that is required. Removal jurisdiction exists, and remand should be denied.

8

Dated:  January 31, 2020         Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By: /s/ Anthony J. Durone
   Anthony J. Durone, MO Bar # 43872
   Stacey R. Gilman, MO Bar # 55690
   2600 Grand Boulevard, Suite 1200
   Kansas City, Missouri 64108
   Telephone:   (816) 561-7007
   Facsimile:    (816) 561-1888
   adurone@berkowitzoliver.com
   sgilman@berkowitzoliver.com

*Attorneys for Defendant TitleMax of Missouri, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of filing to all counsel of record.

/s/
*Attorney for Defendant TitleMax of Missouri, Inc.*

9